FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2016

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

AMANDA BOLES,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

No. 4:15-CV-05112-JTR

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 12, 16.  Attorney Cory J. Brandt represents Amanda Sue Boles (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 21.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on November 30, 2011, Tr. 238, alleging disability since July 13, 2009, Tr. 197-203, due to severe back and sacral injuries and colitis, Tr. 242.   The applications were denied initially and upon

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

reconsideration.  Tr. 130-139, 141-147.  Administrative Law Judge (ALJ) Moira Ausems held a hearing on April 11, 2014, and heard testimony from Plaintiff, witness Mary Boles, and vocational expert Daniel McKinney.  Tr. 29-79.  The ALJ issued an unfavorable decision on August 20, 2014.  Tr. 13-23.  The Appeals Council denied review on October 6, 2015.  Tr. 1-6.  The ALJ's August 20, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 12, 2015.  ECF No. 1, 3.

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 37 years old at the alleged date of onset.  Tr. 197.  Plaintiff completed the twelfth grade in 1990.  Tr. 243.  She received training as an emergency medical technician and I.V. technician.  Tr. 36-37.  Her work history includes the jobs of bug trapper, greenhouse assistant, landscaping assistant, parts runner, volunteer firefighter,[1] emergency medical technician, floral arranger, and delivery driver.  Tr. 37-39, 243.  Plaintiff reported her job prior to applying for benefits was as a firefighter and emergency medical technician and that she stopped working because of her condition.  Tr. 36-37, 242-243.

### STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d

---

[1]While the term volunteer would indicate that Plaintiff performed the duties without pay, she stated she was paid at the rate of $10.00 per hour.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot

make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 20, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 13, 2009, the alleged onset date.  Tr. 15.

At step two, the ALJ determined Plaintiff had the following severe impairments:  fibromyalgia, mild lumbar degenerative changes, and obesity.  Tr. 15-16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 16.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> [S]he could stand and/or walk no more than two hours in an eight-hour period; she would benefit from a sit/stand option a couple of times each hour but would not need to leave the work station; she could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but could never climb ladders, ropes, or scaffolds; she should avoid concentrated exposure to extreme cold; she should avoid all exposure to unprotected heights, dangerous machinery, and commercial driving; and she would be limited to semi-skilled tasks and occasional contact with the general public due only to the effects of pain.

Tr. 17.  The ALJ identified Plaintiff's past relevant work as sample gatherer, horticultural worker, landscape laborer, parts driver, firefighter, and emergency medical technician and concluded that Plaintiff was not able to perform her past relevant work.  Tr. 21.

At step five, the ALJ determined that, considering Plaintiff's age, education,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of small products assembler II, weld inspector, and inspector/packer.  Tr. 22.  The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, July 13, 2009, through the ALJ's decision, August 20, 2014.  Tr. 23.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends that the ALJ erred by (1) failing to properly weigh the medical opinions; (2) failing to properly consider Plaintiff's testimony about the severity of her symptoms, and (3) failing to meet her burden at step five.

## DISCUSSION

### A.    Medical Opinions

Plaintiff challenges the weight given to the opinions of Wing C. Chau, M.D. and James C. Fulper, M.D.  ECF No. 12 at 7-10.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

*Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion.  *Lester*, 81 F.2d at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct."  *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1.    Wing C. Chau, M.D.

On July 20, 2012, Dr. Chau completed a consultative examination.  Tr. 386-388.  He diagnosed Plaintiff with lumbar spondylosis, fibromyalgia, and obesity.  Tr. 388.  He opined that Plaintiff "is felt to be capable of full time work at a sedentary level.  She is probabl[y] restricted to office setting with ability to sit, stand, and ambulate as needed.  She is capable of occasional carrying and lifting to [twenty pounds]."  Tr. 388.

On May 20, 2014, Dr. Chau completed a second consultative examination.  Tr. 448-450.  Again, he diagnosed Plaintiff with lumbar spondylosis, fibromyalgia, and obesity.  Tr. 450.  He stated that "I don't believe much has changed.  She is still without focal neurological deficit. . . . She is still felt to be capable of sedentary work full time."  *Id*.  He also completed a Medical Source Statement

form indicating that Plaintiff could frequently lift and carry up to ten pounds, occasionally lift eleven to twenty pounds, sit for thirty minutes at a time for a maximum of six hours, stand and walk fifteen minutes at a time for a maximum of two hours, occasionally reach overhead and push/pull, frequently reach in all other directions, handle, finger, and feel, occasionally operate foot controls, never climb ladders or scaffolds, stoop, kneel, crouch, or crawl, occasionally climb stairs and ramps, and frequently balance.  Tr. 452-454.  Additionally, he limited all of Plaintiff's environmental exposures to frequent.  Tr. 455.  He stated the above limitations were first present as of July 20, 2012.  Tr. 456.

The ALJ gave both opinions great weight.  Tr. 19-20.  However, the ALJ discounted the manipulative, postural, and environmental restrictions given in Dr. Chau's May 20, 2014, Medical Source Statement, stating she did "not find that the restrictions he assessed [were] consistent with the medical evidence as a whole or his objective reports."  Tr. 20.  The ALJ failed to address how these manipulative, postural, and environmental restrictions were inconsistent with the medical evidence or Dr. Chau's objective reports.  The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct."  *Embrey*, 849 F.2d at 421-422.  Therefore, the ALJ's reason fails to meet the specific and legitimate standard and the case is remanded for the ALJ to readdress Dr. Chau's opinion and provide legally sufficient rationale should she choose to reject any portion of his opinions.

**2.      James C. Fulper, M.D.**

Dr. Fulper treated Plaintiff from July 21, 2009, through April 8, 2013.  Tr. 399-427.  From July 21, 2009, to September 22, 2009, Dr. Fulper precluded Plaintiff from working.  Tr. 420-427.  From October 14, 2009, to January 12, 2010, Dr. Fulper limited Plaintiff to lifting ten pounds.  Tr. 414-419.  From January 26, 2010, to May 5, 2010, Dr. Fulper again precluded Plaintiff from working.  Tr. 409-413.  On May 17, 2010, Plaintiff requested that she be released to work again

as a volunteer fire fighter, stating she felt fine.  Tr. 407.  On December 31, 2012, Dr. Fulper stated "no prolonged standing."  Tr. 405.  On January 14, 2013, he limited her prolonged standing and walking.  Tr. 404.

The ALJ considered Dr. Fulper's work restriction from January through May of 2010, but gave the opinion "little weight" because it was not supported by objective evidence, it only lasted four months, and Plaintiff requested a work release in May of 2010.  Tr. 18.  The ALJ did not discuss the work preclusion from July 2009 through September 2009, the ten pound lifting restriction from October 2009 through January 2009, or the limited standing recommendations from December 2012 to January 2013.

The ALJ is required to explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-1395, (9th Cir. 1984).  Defendant acknowledged that the ALJ erred by failing to address the 2009 opinions of Dr. Fulper, but argued that the error was harmless because it was inconsequential to the ultimate determination.  ECF No. 16 at 7.  However, this case is being remanded for the ALJ to readdress the opinion of Dr. Chau.  Therefore, the ALJ is to fully consider all of Dr. Fulper's opinions on remand.

**B.   Claimant's Subjective Statements**

Plaintiff contests the ALJ's adverse credibility determination in this case.  ECF No. 12 at 10-14.

The evaluation of a claimant's statements regarding limitations relies, in part, on the assessment of the medical evidence.  *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to address the medical source opinions of Dr. Chau and Dr. Fulper, a new assessment of Plaintiff's subjective symptom statements is necessary in accord with S.S.R. 16-3p.

**C.   Step Five**

Plaintiff argues the ALJ failed to meet her step five burden because the

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

hypothetical given to the vocational expert lacked limitations addressed by Dr. Chau and Dr. Fulper.  ECF No. 12 at 14-15.

At step five, the Commissioner has the burden to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson*, 359 F.3d at 1193-1194.  If the limitations are nonexertional and not covered by the grids, a vocational expert is required to identify if jobs match the abilities of the claimant, given her limitations.  *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

Because the case is being remanded for the ALJ to properly address the medical source opinions, it will also be necessary to make a new residual functional capacity determination, thus, affecting both the step four and step five determinations on remand.  A vocational expert will need to be available to testify at any supplemental proceedings considering the limitations at issue are the nonexertional limitations from Dr. Chau's opinion.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990).  *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address the opinions of Dr. Chau and Dr. Fulper, evaluate Plaintiff's symptom statements under S.S.R. 16-3p, and make a new residual functional capacity determination. The Court takes notice that the ALJ had originally intended to call a medical expert in this claim, but that the specific expert scheduled to testify had a conflict of interest and could not proceed at the hearing. Tr. 13, 32. Considering this, the ALJ will call a medical expert, who does not have a conflict of interest, and a vocational expert to testify at a supplemental hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 12**, **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED November 29, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10